DECISION AND JUDGMENT ENTRY
{¶ 1} Benjamin H. Knox appeals the Gallia County Common Pleas Court's judgment overruling his objections to a magistrate's decision that found him in contempt of court. Appellant asserts that the court abused its discretion by summarily rejecting his argument that the contempt finding was unfounded because he did not receive notice of the hearing. Apparently, the trial court overruled the objections based on Appellant's failure to provide a copy of the hearing transcript. Because we conclude that the issue of whether Appellant received notice of the hearing date could not be resolved by a review of the hearing transcript, we find that the trial court erred in overruling Appellant's objections on that basis. We reverse the trial court's judgment and remand this matter to the trial court for further consideration.
 {¶ 2} In June 2001, Appellant filed a complaint for divorce against his wife, Carrie A. Knox. The parties ultimately reached an agreement whereby Appellant retained the marital residence after making certain payments to Appellee, each party received certain personal property, Appellant received custody of the parties' son, and Appellee agreed to make child support payments to Appellant.
 {¶ 3} In November 2001, Appellee filed a Motion to Show Cause and Motion to Modify Custody. In her motions, Appellee alleged that Appellant had failed to: (1) make payments to her in connection with his purchase of the marital residence; (2) pay an outstanding marital debt he had agreed to pay; and (3) return certain of her personal property. Appellee also asserted that the parties' son had been living with her since July 2002.
 {¶ 4} In January 2003, the magistrate held a hearing on Appellees' motions. Although Appellee and her counsel were present, Appellant and his counsel failed to appear. The magistrate issued a decision that ordered custody of the parties' son changed to Appellee, terminated Appellee's child support obligation as of November 2002, and found Appellant in contempt of court. The magistrate ordered Appellant to either pay a fine of $500.00 or to purge himself by paying the marital debt. The magistrate also ordered Appellant to return Appellee's property and to transfer the marital home to Appellee as required by the divorce agreement in the event Appellant failed to make the requisite payments.
 {¶ 5} Appellant filed timely objections to the magistrate's decision under Civ.R. 53 and requested a hearing before the trial court. In his memorandum in support of his objections, Appellant acknowledged receipt of the motions and stated that, after receiving the motions, he contacted his original attorney and left a message. Appellant never received a return call from his counsel or anything further from the court until he received the magistrate's decision.[1] After receiving the unfavorable decision, Appellant contacted new counsel who filed the objections, which were based upon a lack of notice of the hearing.
 {¶ 6} The trial court summarily overruled Appellant's objections on the ground that Appellant had failed to provide either a transcript of the hearing before the magistrate or an affidavit as required by Civ.R. 53(E)(3) and the Gallia County Common Pleas Court Local Rules. The court concluded that it must presume that the evidence supported the magistrate's findings due to Appellant's failure to show otherwise.
 {¶ 7} Appellant timely appealed the trial court's judgment, assigning the following errors: "1. The trial court erred when it summarily overruled Plaintiff's Objections to the Magistrate's February 20, 2003, ruling without at least granting an evidentiary hearing. 2. The trial court committed reversible error when it abused its discretion and did not grant an evidentiary hearing on plaintiff's objection which questioned the regularity of the proceeding in which he did not participate." Because both of Appellant's assigned errors assert that the trial court erred in not holding an evidentiary hearing and in overruling Appellant's objections to the magistrate's decision, we consider them together.
 {¶ 8} A trial court has great discretion in determining whether to sustain or overrule an objection to a magistrate's decision. Arrow Concrete Co. v. Williams (Mar. 14, 2000), Lawrence App. No. 98CA46, unreported, citing Lewis v. Savoia
(Aug. 28, 1996), Summit App. No. CA17614, unreported. The decision to adopt, reject, or modify a magistrate's decision will not be overturned on appeal unless the decision was an abuse of discretion. Wade v. Wade (1996), 113 Ohio App.3d 414, 419,680 N.E.2d 1305. In State v. DeLeon (1991), 76 Ohio App.3d 68, 78,600 N.E.2d 1137, 1143, the court discussed abuse of discretion in the context of a discovery violation: "* * * When the record affirmatively shows that the trial court has made an error of fact or law upon which it has evidently relied in exercising its discretion, the trial court's decision is reversible error, even if it might have reached the same result in exercising its discretion without error. The presumption of regularity is overcome if the record affirmatively shows that the trial court relied upon a mistake of law or fact in exercising its discretion. Spencer v. Spencer (Apr. 29, 1991), Clark App. No. 2724, unreported." We believe that analysis also applies in this context.
 {¶ 9} In overruling Appellant's objections, the trial court relied upon Civ.R. 53(E)(3) and Rule 51 of the Rules of the Domestic Relations Division of the Gallia County Common Pleas Court. Civ.R. 53(E)(3) governs objections to magistrates' decisions and states: "* * * (b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. * * *" Rule 51 provides that: "A recommendation of a Domestic Referral Officer may be reviewed by the Judge of this Court by filing an objection in accordance with Rule 53 of the Ohio Rules of Civil Procedure with the Clerk * * *. The objection should be accompanied by supporting memorandum. If a finding of fact or weight of the evidence is part or all of the basis for objection, a transcript of the testimony is necessary to support the objection to the Referee's report and must be filed with the Court by the moving party within 14 days after the filing of the objections * * *."
 {¶ 10} Based on these rules, the trial court concluded that because Appellant failed to provide a transcript or an affidavit, he had not met his burden and his objections to the magistrate's decision could not be reviewed. The court further noted that under Civ.R. 53(E)(4)(b), it could "refuse to consider additional evidence proffered upon objection." Civ.R. 53(E)(4)(b) states that a trial court "may refuse to consider additional evidence proffered upon objections unless the objecting partydemonstrates that with reasonable diligence the party could nothave produced that evidence for the magistrate's consideration." (Emphasis added.) We conclude that the trial court misinterpreted the applicable rules and, consequently, abused its discretion by summarily overruling Appellant's objections.
 {¶ 11} Civ.R. 53 and Local Rule 51 require a party objecting to a magistrate's decision to provide a transcript of the hearing or an affidavit containing the information proffered at the hearing only when the parties are objecting to a magistrate's findings of fact. Here, Appellant objected to his lack of notice of the hearing date, not to the findings of fact made by the magistrate. Consequently, nothing contained in the hearing transcript has any bearing on Appellant's objections and production of the transcript, or an affidavit mirroring the transcript's contents, would not aid the court in its resolution of the objections.
 {¶ 12} Further, because Appellant was allegedly unaware of the contempt hearing date, he obviously could not have produced the information regarding his lack of notice at that hearing. Therefore, the trial court's reliance on Civ.R. 53(E)(4)(b) to justify its refusal to consider additional evidence is likewise misplaced.
 {¶ 13} Although we conclude that the trial court erred in summarily overruling Appellant's objections, we voice no opinion as to the merits of his claim that he did not receive proper notice of the hearing. In considering Appellant's objections to the magistrate's decision on remand, the trial court may consider additional evidence, recommit the matter to the magistrate with instructions, or hear the matter itself. Civ.R. 53(E)(4)(b). The manner in which the trial court chooses to address the merits of Appellant's claims is left entirely to the court's discretion.
 {¶ 14} Appellant's assignments of error are sustained and the judgment is reversed and this matter remanded to the trial court for further consideration.
Judgment Reversed and Cause Remanded.
Kline, P.J. and Abele, J., concur in Judgment and Opinion.
[1] The record reflects that the Gallia County Clerk's Office sent the motions to Appellant at 45640 Newsome Road via certified mail. However, the return receipt from the post office indicates that the motions were forwarded to Appellant at 692 Northeast Road. Nonetheless, it appears that the scheduling entry was mailed to the Newsome Road address.