DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Vincent J. Cavo appeals the Pickaway County Court of Common Pleas judgment overruling his objections to the Magistrate's decision finding him in contempt of court and reforming certain provisions of the shared parenting agreement. Appellant argues that the trial court erred when it overruled his objections on the basis that he failed to include a transcript of the relevant proceedings. Specifically, Appellant contends that the trial court did not provide him sufficient time to file a transcript and that his objections serve as an affidavit, thus negating the need for a transcript. Additionally, Appellant argues that the trial court erred, as a matter of law, when it rewrote a telephone contact provision in the shared parenting agreement when neither party requested such reformation. Finally, Appellant contends that the trial court erred, as a matter of law, when it rewrote an unambiguous extracurricular activity provision in the shared parenting agreement. Because we find that the trial court's premature denial of Appellant's objections constituted an abuse of discretion, we agree. Accordingly, we reverse the trial court's judgment and remand for further proceedings.
 {¶ 2} In 1996, Plaintiff-Appellee Patricia Cavo filed for divorce. One child was born as issue of the marriage after Appellee initiated divorce proceedings. The trial court granted Appellee's complaint for divorce in 1998, and the parties entered into an agreed judgment entry on the allocation of their parental rights and responsibilities on November 19, 1999 ("1999 Agreement").
 {¶ 3} In February 2000, Appellee filed motions requesting that the trial court (1) terminate the 1999 Agreement and designate her as the child's residential parent and legal custodian; (2) modify the current child support order; (3) find Appellant in contempt for failing to abide by the 1999 Agreement; and (4) award her reasonable attorney fees. The parties entered into an agreed judgment entry resolving these issues.
 {¶ 4} For reasons not clear in the record, the parties again went before the court regarding a dispute stemming from the shared parenting agreement. On March 13, 2001, the parties entered into another agreed judgment entry on shared parenting (hereinafter "2001 Agreement"). That entry provided, in part: "Reasonable communication by telephone or otherwise shall be permitted with the parent with whom the child is not residing. Each party shall notify the other of the child's whereabouts and provide a contact telephone number * * *." Also, in the Holiday section of the Companionship and Visitation Schedule provisions, the entry states: "a seven day notice shall be given by any parent who at any time is taking the child on out of state, out of town travel. Further, a two day notice shall be given by either parent who is taking the minor child on out of town travel within the state of Ohio. Finally, Father shall give a two day notice when visiting his daughter, who resides in Kentucky. Out of town travel does not include going to another city on a day trip * * *."
 {¶ 5} The parties continued to file motions before the court throughout 2001, 2002, and 2003, on various issues stemming from the shared parenting agreement. Then, in September 2004, the parties entered into another modification of the shared parenting agreement. The agreed entry memorializing these modifications provides, in part: "The minor child shall be entitled to have reasonable phone contact with the non-visiting parent." (hereinafter "2004 Agreement"). That entry also provided: "Father shall be entitled to enroll the child into one activity per quarter. Father shall be responsible for selecting the activity and transporting the child to and from the activity. Mother shall be entitled to attend the activity including any practices and games."
 {¶ 6} On December 22, 2004, Appellee filed a motion requesting that the trial court find Appellant in contempt of court for failing to adhere to previous court orders. Specifically, Appellee argued that Appellant prohibited her from engaging in reasonable telephone contact with the minor child in violation of the 2004 Agreement. Then, on February 4, 2005, Appellee filed another motion requesting that the trial court find Appellant in contempt of court. This motion alleged that Appellant took the minor child on an out-of-town trip without notice as required by the 2001 Agreement, and that Appellant refuses to provide the child with transportation to and from Cub Scouts, which is the activity Appellant chose pursuant to the 2004 Agreement. This motion also reiterated Appellant's continuing refusal to permit reasonable telephone contact between Appellee and the child. The Magistrate held a hearing on the motions, and Appellant proceeded without counsel.
 {¶ 7} The Magistrate made the following findings of fact: (1) the 2004 Agreement mandates that the minor child be permitted reasonable telephone contact with the non-visiting parent; (2) Appellee repeatedly attempted to initiate telephone contact over the child's Christmas break, and her messages were not returned, and on one attempt Appellant advised her the child was not available and hung up; (3) since September 2004, the child only attempted to call Appellee twice when visiting Appellant; (4) during Christmas break Appellant took the child on an overnight, out-of-town visit because his home was without power, and Appellant failed to notify Appellee of this trip; (5) Appellant selected Cub Scouts as the child's extracurricular activity pursuant to the 2004 Agreement; (6) Appellant attended only a few of the club activities with the child; (7) Appellee transports the child to and from this activity; (8) Appellant failed to take the child to an overnight activity with the club during his visitation weekend; and (9) Appellant informed Appellee he intended to change the child's Cub Scout Pack.
 {¶ 8} Regarding the telephone contact provision, the Magistrate found that the 2004 Agreement is unclear and seems to require the child to initiate contact. The Magistrate also found that Appellant does not encourage the child to contact Appellee by telephone. The Magistrate concluded that it must clarify that provision "so that future `misunderstandings' do not occur." Therefore, the Magistrate recommended that the 2004 Agreement be modified to read: "during periods of alternating weekend parenting time, the non-visiting parent shall be entitled to telephone contact on Sunday evening at 8:00 p.m. The non-visiting parent should initiate the telephone call. During periods of parenting time other than the alternating weekend, for example holiday and summer periods, the non-visiting parent shall be entitled to telephone contact on Monday and Thursday evenings at 8:00 p.m. The non-visiting parent should initiate the telephone call. The minor child shall continue to call either parent at any and all reasonable times as he wishes."
 {¶ 9} Regarding the out-of-town visits provision, the Magistrate found that the 2001 Entry is sufficiently clear. The Magistrate concluded that Appellant was required to notify Appellee of the overnight, out-of-town visit during the child's Christmas break. The Magistrate found that even if the trip was necessary due to the electricity failure, Appellant had multiple opportunities in which to contact Appellee and notify her of his plans and the child's whereabouts, but failed to do so.
 {¶ 10} The Magistrate recommended that Appellant be found in contempt of court for failing to notify Appellee of his out-of-town trip with the minor child, in violation of the 2001 Agreement. However, the Magistrate recommended that Appellant's remaining motions for contempt be denied, ostensibly for the reason that the relevant provisions were unclear. The Magistrate ordered that Appellant serve three days in the Pickaway County Jail, but recommended that sentence be suspended if Appellant: (1) complies with the telephone contact provision modifications; and (2) pays Appellee's attorney fees in the amount of $250. Finally, the Magistrate recommended that Appellant be ordered to continue with the child's current Cub Scouts Pack as his chosen extracurricular activity pursuant to the 2004 Agreement. The Magistrate further recommended that Appellee be permitted to attend the monthly meetings for this activity, but not attend any weekend functions at Appellant's election and if Appellant attends those functions with the child.
 {¶ 11} Appellant, still proceeding pro se, filed timely objections to the Magistrate's decision. However, Appellant failed to attach a transcript or affidavit to the objections as required by Civ.R. 53.
 {¶ 12} Appellant first objected that the Magistrate erred in recommending a modification to the telephone contact provision in the 2004 Agreement. Appellant contended that Appellee uses telephone contact to create anxiety in the child. Appellant also argued that he permitted the child to make all requested phone calls to Appellee, but that the child has not requested to make such phone calls during the last six-eight months. This objection also includes four pages in which Appellant argues facts regarding specific phone calls and directly quotes a psychiatric evaluation completed upon court orders, but stemming from a different dispute between the parties. Those quotations introduce opinion evidence regarding Appellee's parenting techniques and abilities. Finally, Appellant recommended that the court not accept the Magistrate's recommendation, and issue an order only requiring the visiting parent to allow the child to make requested telephone calls to the non-visiting parent.
 {¶ 13} In his second objection, Appellant argued that the Magistrate erred by recommending he be found in contempt for taking the child on an overnight, out-of-town visit without appropriate notification. First, Appellant argued that Appellee also experienced a power outage that same evening and spent the evening in a hotel, but failed to call and inform him of her whereabouts. Appellant then argued that the Magistrate erred in the recommendation when the facts showed that he did not have an opportunity to properly inform Appellee of the child's whereabouts because it was essentially an emergency situation.
 {¶ 14} Appellant also objected to the Magistrate's recommendation that he be ordered to pay Appellee's attorney fees. Appellant argued that because the Magistrate erred when it recommended he be found in contempt of court, that no basis for charging attorney fees exists.
 {¶ 15} Finally, Appellant argued that the Magistrate erred by recommending that he be ordered to maintain the child in the current extracurricular activity. Appellant contended that Appellee, by attending this activity's meetings, interfered with his ability to interact with the child. Appellant then quotes a physiological evaluation, apparently created on court order, but for a different matter between the parties, which purportedly denounces some of Appellee's parenting techniques. Appellant offered a proposed modification, in which he could (1) select Boy Scouts as the child's extracurricular activity; (2) pick the child up from school and return him to Appellee's home after the meetings; and (3) bar Appellee from attending any meetings, except for those involving significant honors to the child.
 {¶ 16} The trial court overruled Appellant's objections and adopted the Magistrate's decision. Regarding the first objection, the trial court denied the objection and found that due to the animosity between the parties express and detailed provisions are necessary to prevent further filings in the court. The trial court overruled the second objection, and noted that Appellant failed to attach a transcript from the relevant hearing. Without the transcript, the trial court found that it could not rule that the Magistrate erred. Regarding the objection to the attorney fees, the trial court found that it could find no error in the recommendation. Finally, regarding the extracurricular activity objection, the trial court rejected Appellant's proposed modification and ruled that due to the hostility between the parties the Magistrate issued a proper recommendation. Again, the trial court noted that Appellant failed to attach a transcript of testimony from the relevant hearing.
 {¶ 17} It is from this Decision and Entry that Appellant now timely appeals, assigning the following errors for our review.
 {¶ 18} "I. AS A MATTER OF LAW, THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING THE APPELLANT'S OBJECTIONS ON THE BASIS THAT THOSE OBJECTIONS WERE NOT PROPERLY FILED PURSUANT TO OHIO CIVIL RULE 53.
 {¶ 19} II. AS A MATTER OF LAW, THE TRIAL COURT ERRED BY REWRITING THE PARTIES' AGREEMENT WITH REGARD TO TELEPHONE CONTACT BETWEEN THE MINOR CHILD AND THE NON-VISITING PARENT.
 {¶ 20} III. AS A MATTER OF LAW, THE TRIAL COURT ABUSED ITS DISCRETION BY REWRITING AN UNAMBIGUOUS CLAUSE IN THE PARTIES' AGREEMENT WHICH PROVIDED THE FATHER SHALL CHOOSE THE EXTRACURRICULAR ACTIVITY OF THE CHILD."
 {¶ 21} In his first assignment of error, Appellant argues that the trial court erred when it overruled his objections on the basis that he failed to include a transcript of the relevant proceedings, contending that the trial court did not provide him sufficient time to file a transcript. Alternatively, Appellant argues that his objections serve as an affidavit, thus negating the need for a transcript.
 {¶ 22} "A trial court has great discretion in determining whether to sustain or overrule an objection to a magistrate's decision." Knox v. Knox, Gallia App. No. 03CA13, 2004-Ohio-428, citing Arrow Concrete Co. v. Williams (Mar. 14, 2000), Lawrence App. No. 98CA46, citing Lewis v. Savoia (Aug. 28, 1996), Summitt App. No. CA17614. "The decision to adopt, reject, or modify a magistrate's decision will not be overturned on appeal unless the decision was an abuse of discretion." Knox, supra, citing Wade v. Wade (1996), 113 Ohio App.3d 414, 419,680 N.E.2d 1305. An abuse of discretion is more than an error of judgment, but instead connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying an abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 23} Civ.R. 53(E)(3)(c) requires that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Therefore, as noted in Lincoln Savings Assn. v. Damron,
Lawrence App. No. 02CA4, 2003-Ohio-2596, "the trial court may properly adopt a magistrate's factual findings without further consideration when the objecting party fails to provide the court with a transcript of the magistrate's hearing or other relevant material to support their objections." See, also, Proctor v.Proctor (1988), 48 Ohio App.3d 55, 60, 548 N.E.2d 287, citingPurpura v. Purpura (1986), 33 Ohio App.3d 237, 515 N.E.2d 27. However, Civ.R. 53(E)(3)(a) also provides a fourteen day time frame for the filing of written objections and supporting documentation, whether that be a transcript or an affidavit. Thus, the issue for our consideration is whether the trial court abused its discretion by denying Appellant's objections based on Appellant's failure to file a supporting transcript, when Appellant still had time remaining under the statute to properly file the required transcript.
 {¶ 24} Although this Court has not been confronted with this particular issue, the Eleventh District has held that Civ.R. 53(E)(3)(c) does not require a transcript to be filed simultaneously with objections. In Cunnane-Gygli v. MacDougal,
Geauga App. No. 2004-G-2597, 2005-Ohio-3258, the magistrate's decision was filed on September 30, 2004 and objections without a transcript were filed on October 12, 2004 (within fourteen days). Two weeks later, on October 26, 2004, Appellant filed a motion to supplement the objections, noting she had an approved reporter transcribe the proceedings. The trial court did not rule on the motion and instead adopted the magistrate's decision. The appellate court determined that the motion to supplement was functionally a request for an extension of time to file the transcript; however, the court held that "[u]nder the circumstances, appellant's motion was filed nearly a month after the magistrate's decision was filed. While a transcript does not need to be filed contemporaneously with objections to a magistrate's decision, appellant's objections did not indicate a transcript was forthcoming." Id. Based on these facts, the appellate court affirmed the decision of the trial court denying the appellant's objections.
 {¶ 25} In the present case, the Magistrate's decision was filed on March 1, 2005. Appellant filed his objections, without a transcript, on March 8, 2005, only seven days into the fourteen day filing window. The trial court denied Appellant's objections and entered its Decision and Entry on March 11, 2005, four days prior to Appellant's deadline for filing his transcript or affidavit in support of his objections.
 {¶ 26} Here, there was no reason for Appellant to file a request for an extension of time in which to file a supporting transcript or affidavit, considering that the filing deadline had not passed. After the fourteenth day, without a motion for an extension being filed, the trial court was free to overrule objections on the basis that Appellant failed to file a transcript. However, based upon these facts, where the trial court denied Appellant's objections based on his failure to file a supporting transcript or affidavit when Appellant still had four days under the statute to file such supporting documentation, we find that the trial court acted unreasonably and therefore abused its discretion. Accordingly, we reverse the decision of the trial court and remand for further proceedings, allowing Appellant four additional days in which to file a transcript and thus, affording full review of the Magistrate's decision.
 {¶ 27} Appellant's alternative argument that his objections should serve as an affidavit filed in lieu of a transcript, by virtue of the fact that the objections were prepared pro se, were signed by Appellant and were therefore in substantially the same form as an affidavit, is not well taken. Civ.R. 53(E)(3)(c) provides that an affidavit may be filed in lieu of a transcript "if a transcript is not available." There is no indication in the record that a transcript was unavailable. As such we disagree with Appellant's contention.
 {¶ 28} Because our disposition of the first assignment of error has rendered assignments of error two and three moot, we decline to address them.
Judgment Reversed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment Only.