OPINION
{¶ 1} Appellant, Maxine E. Cunnane-Gygli appeals the Geauga County Court of Common Pleas' November 2, 2004 judgment entry overruling her objections to the September 30, 2004 magistrate's decision.
 {¶ 2} On May 10, 2004, appellant filed a complaint with the lower court seeking divorce. The parties were married on September 9, 1977 and, at the time of the filing of the current matter, appellant was 80 years old and appellee was 76 years old. The case was referred to Magistrate Thomas Mullen who set the case for trial on September 8, 2004. During the pendency of the proceedings, appellee was diagnosed with terminal cancer.
 {¶ 3} The parties entered into certain stipulations prior to trial, which lasted only one day. On September 30, 2004, the magistrate awarded appellant and appellee their respective separate property; appellant was also awarded spousal support. The parties agreed to a division of furniture and other personal belongings.
 {¶ 4} On October 12, 2004, appellant filed her objections to the magistrate's decision but filed no transcript with the objections. Appellee duly opposed appellant's objections by motion on October 18, 2004. On October 26, 2004, appellant sought leave to stay the proceedings and supplement her objections with a transcript of the proceedings before the magistrate. The court failed to expressly rule on appellant's motion but, on November 2, 2004, after an independent review of the magistrate's decision, the trial court adopted the same and granted the parties a divorce.
 {¶ 5} On November 5, 2004, appellant filed her notice of appeal; appellee passed away on the same day.
 {¶ 6} While appellant raised eight assignments of error, we shall address the following four as the others set forth in her brief were either asserted without argument or are cumulative in relation to the following:
 {¶ 7} "[1.] The trial court committed reversible error in not determining that accounts held by [P]rudential [F]inancial were marital property and failure to award appellant-plaintiff all or part of these accounts.
 {¶ 8} "[2.] The trial court committed reversible error in not awarding all or part of the of [sic] other stocks and securities that were awarded to appellee-defendant. [sic.]
 {¶ 9} "[3.] The trial court committed reversible error in not permitting a hearing on attorney fees on behalf of the appellant plaintiff.
 {¶ 10} "[4.] The trial court committed reversible error in not granting appellant-Plaintiff's motion to supplement objections and to stay proceedings until transcript prepared. [sic.]
 {¶ 11} As they admit to the same analysis, we will address appellant's first and second assignments of error together. In her first two assigned errors, appellant argues the trial court erred in adopting the magistrate's decision to the extent that the Prudential IRAs, stocks, and other securities were not separate, but marital property. We disagree.
 {¶ 12} The record indicates that appellant, while filing objections to the magistrate's decision, failed to file a transcript or reasonable substitute with her objections. Civ.R. 53(E)(3)(c) requires any objection to a finding of fact to be supported by "a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The objecting party bears the burden of submitting the transcript or affidavit to the trial court.Walther v. Newsome, 11th Dist. No. 2002-P-0019, 2003-Ohio-4723, at ¶ 20.
 {¶ 13} We have previously held that an objecting party who fails to provide either a transcript or an affidavit in support of her objections may not argue factual determinations to the trial court. Id; see, also,Yancey v. Hahn (March 3, 2000), 11th Dist. No. 99-G-2210, 2000 Ohio App. LEXIS 788, at 7. Likewise, appellant is precluded from challenging the magistrate's factual findings in this appeal due to her failure to provide the trial court with a proper record of the magisterial proceedings. In the Matter of Stevens (Nov. 17, 2000), 11th Dist. No. 99-T-0066, 2000 Ohio App. LEXIS 5374, at 6. This court is therefore limited to determining whether or not the trial court abused its discretion in adopting the magistrate's decision. Ackroyd v. Ackroyd
(June 30, 2000), 11th Dist. No. 99-L-018, 2000 Ohio App. LEXIS 2983, at 4.
 {¶ 14} Appellant currently argues that the trial court erred in adopting the magistrate's decision as it pertained to the division of certain property; specifically, appellant contends that appellee's Prudential Financial accounts, IRAs, as well as other stocks and securities were marital property, not separate property as the magistrate determined. A proper analysis of appellant's argument would require a review of the testimony given at the hearing. While appellant provided a copy of the hearing transcript on appeal, the trial court was not afforded the opportunity to examine this evidence. Appellant's failure to provide a transcript or an affidavit prevents us from considering these issues.
 {¶ 15} That said, even though appellant failed to provide the trial court with a transcript or an affidavit, the lower court was nevertheless obligated to review the magistrate's decision to determine whether there was an error of law or other defect on the face of the decision. Civ.R. 53(E)(4)(a). In the instant matter, the trial court reviewed the magistrate's decision independently and found "no error of law or other defect" on the face of the decision. Our review of the magistrate's decision reveals the same, i.e., the decision was legally sufficient, was adequately detailed, and contained no obvious errors on its face. The magistrate's decision complied with the requirements of Civ.R. 53 and, as a result, the trial court did not abuse its discretion in adopting the magistrate's decision. Appellant's first and second assignments of error are without merit.
 {¶ 16} Because it dovetails well with the foregoing analysis, we shall next address appellant's fourth assignment of error. In her fourth assignment of error, appellant contends the trial court erred in overruling her motion to supplement her objections and stay the proceedings until a transcript was prepared.
 {¶ 17} As indicated supra, if a party fails to file a transcript of the hearing before the magistrate, the trial court may adopt the magistrate's decision without further consideration. However, Civ.R. 53(E)(3)(c) does not require a transcript to be filed simultaneously with objections; rather, if the objecting party does not file a transcript at all before the hearing date to consider the objections, the trial court may adopt the magistrate's findings without further consideration.Dressler v. Dressler, 12th Dist. Nos. CA2002-08-085 and CA2002-11-128, 2003-Ohio-5115, 2003 Ohio App. LEXIS 4608, at 11-12.
 {¶ 18} Here, the magistrate's decision was filed on September 30, 2004. Pursuant to Civ.R. 53(E)(3)(a), an objecting party must file her objections to the magistrate's decision within fourteen days. Appellant complied with the dictates of Civ.R. 53(E)(3)(a) and filed her objections, without a transcript, on October 12, 2004. Two weeks later, and twenty seven days after the magistrate released his decision, on October 26, 2004, appellant filed a "Motion to Supplement Objections and Stay Proceedings until Transcript Prepared." In her motion, appellant declared that she had engaged "an approved reporter to transcribe the proceedings of the Magistrate herein from the audio recording." Appellant noted the transcript would be complete by November 15, 2004. In support of her motion, appellant urged while Civ.R. 53(E)(3) requires a transcript accompanying factual objections to a magistrate's decision, the rule does not establish a time within which the objecting party must file the evidence. See, Shull v. Shull (1999), 135 Ohio App.3d 708. This argument notwithstanding, appellant's motion provided no reasons for her delay in producing the relatively short (183 page) transcript.
 {¶ 19} The trial court did not rule on appellant's motion and, on November 2, 2004, the trial court filed its judgment entry adopting the magistrate's decision.
 {¶ 20} We must note that a trial court's failure to rule on a motion creates a presumption that the trial court overruled the motion. Brownv. Brown, 11th Dist. No. 2001-L-051, 2002-Ohio-4364, at ¶ 33. That said, appellant's motion, when read functionally, is a request for an extension of time to file the transcripts. Civ.R. 6(B) allows a trial court to extend the period for filing a transcript of proceedings. SeeVance v. Rusu (Aug. 1, 2001), 9th Dist. No. 20442, 2001 Ohio App. LEXIS 3375, at 3-4. A court may grant or deny an extension of time under Civ.R. 6(B) in its sound discretion. Civ.R. 6(B).
 {¶ 21} Under the circumstances, appellant's motion was filed nearly a month after the magistrate's decision was filed. While a transcript does not need to be filed contemporaneously with objections to a magistrate's decision, appellant's objections did not indicate a transcript was forthcoming; rather, appellant waited another fourteen days after filing her objections before filing her motion to supplement her objections with a transcript.
 {¶ 22} Further, it is worth noting that on October 12, 2004, the same day on which appellant filed her objections, appellee's counsel moved the court to "enter a final judgment." In this motion, appellee's counsel communicated the urgency of resolving the case due to appellee's rapidly deteriorating health. On October 15, 2004, appellant filed a motion opposing appellee's motion to enter a final judgment. Again, appellant did not indicate she had ordered transcripts of the proceedings upon which her objections were based. On October 18, 2004, appellee filed his motion in opposition to appellant's objections the primary focus of which was appellant's failure to file a transcript. Eight days later, on October 26, 2004, appellant filed her motion to stay the proceedings in interest of supplementing her objections with a transcript. On November 2, 2004, the trial court adopted the magistrate's findings without the benefit of a transcript; on November 5, 2004, appellee died.
 {¶ 23} Given the foregoing facts, we do not think the trial court abused its discretion when it impliedly overruled appellant's October 26, 2004 motion. Our holding on this issue is based upon the following considerations: (1) Civ.R. 53(E)(3)(c) requires a transcript or affidavit in support of objections; (2) appellant did not broach the issue of filing a transcript until nearly four weeks after the magistrate filed its decision and eight days after the issue was brought to the court's attention; (3) the transcript was relatively short and would not require a great deal of time to prepare; and, (4) appellant was on notice of the arguable urgency of resolving matters in light of appellee's failing health. In consideration of the foregoing, the denial of appellant's motion does not indicate the court maintained an arbitrary, unreasonable, or unconscionable posture towards the appellant and her request. Appellant's fourth assignment of error is therefore overruled.
 {¶ 24} In her third assignment of error, appellant contends the trial court erred by failing to conduct a hearing on attorney's fees.
 {¶ 25} We start our analysis by noting that a hearing is not always necessary before overruling a motion for attorney fees. State ex rel.Chapnick v. East Cleveland Cty School District Bd. of Education,93 Ohio St.3d 449, 452, 2001-Ohio-1585. That said, a party requesting fees under this section has the burden of demonstrating their reasonableness. Shaffer v. Shaffer (1996), 109 Ohio App. 3d 205, 214. Generally, the decision whether to award attorney fees is a matter within the sound discretion of the trial court. Kalia v. Kalia,151 Ohio App.3d 145, 2002-Ohio-7160, ¶ 50. Save a clear abuse of discretion, a reviewing court will not reverse the trial court's determination as to attorney fees. Id.
 {¶ 26} In her brief, appellant notes that counsel moved the court orally for attorney fees, but the court denied the same. Further, the record includes a motion for attorney fees pursuant to R.C. 3105.18(H) filed on October 4, 2004, five days after the magistrate's decision was filed. The motion states that appellant is unable to "defray" the expense of attorney fees and notes that counsel's hourly rate of $150.00 was stipulated a reasonable rate.
 {¶ 27} By his own admission, counsel's oral motion for fees was denied. The proper means for challenging this denial is not filing a second written motion several days subsequent to the filing of the magistrate's decision. Rather, Civ.R. 53(C)(3)(a) states:
 {¶ 28} "Unless otherwise specified in the order of reference, the magistrate may enter orders without judicial approval in pretrial proceedings under Civ.R. 16, in discovery proceedings under Civ.R. 26 to 37, temporary restraining orders under Civ.R. 75(I), in hearings under Civ.R. 75(N), and other orders as necessary to regulate the proceedings." (Emphasis added).
 {¶ 29} Further, Civ.R. 53(C)(3)(b) provides, in relevant part:
 {¶ 30} "Any person may appeal to the court from any order of a magistrate entered under division (C)(3)(a) of this rule by filing a motion to set the order aside, stating the party's objections with particularity. The motion shall be filed no later than ten days after the magistrate's order is entered. * * *"
 {¶ 31} Here, we construe the magistrate's denial of appellant's oral motion as an "order necessary to regulate the proceedings." Therefore, appellant was required to file a motion to set aside the magistrate's order. In lieu of doing so, appellant filed a second motion for attorney fees to the court, who denied the same. In our view, appellant was not entitled to a hearing on his motion for attorney fees and, in an effort to obtain the fees, counsel used inappropriate procedural channels to vindicate his claim. Under the circumstances, we find appellant's contentions without merit.
 {¶ 32} However, assuming arguendo that appellant used proper procedure and her motion was properly before the trial court, we still believe she failed to offer adequate evidence to substantiate her motion. Specifically, R.C. 3105.18(H) provides that:
 {¶ 33} "in divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When a court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 34} Here, while the parties stipulated to the reasonableness of counsel's hourly rate, appellant failed to offer any evidence that she was unable to effectively prosecute her case due to a lack of monetary funds. Appellant's rights were fully protected and defended by counsel during the magisterial hearing. Notwithstanding the reasonableness of counsel's per hour fee, we do not believe appellant's vague declaration of need within her motion for attorney fees suffices to meet the requirements set forth under R.C. 3105.18(H). Appellant's third assignment of error is overruled.
 {¶ 35} For the aforementioned reasons, appellant's four assigned errors are without merit and the judgment of the Geauga County Court of Common Pleas is hereby affirmed.
Ford, P.J., Grendell, J., concur.