[Cite as *Swartz v. Swartz*, 2011-Ohio-6685.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| JESSE F. SWARTZ, V | | C.A. No. 11CA0057-M |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JANE A. SWARTZ | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No. 11DV0067 |

DECISION AND JOURNAL ENTRY

Dated: December 27, 2011

WHITMORE, Judge.

{¶1}   Respondent-Appellant, Jesse F. Swartz, V ("Son"), appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I

{¶2}   On March 22, 2011, Petitioner-Appellee, Jane A. Swartz ("Mother"), petitioned the Medina County Court of Common Pleas, Domestic Relations Division, for a civil protection order ("CPO") restraining Son. Mother alleged that Son's history of violence toward his father, Jesse F. Swartz, IV ("Husband"), Son's history of mental illness, and other threatening behavior put her and Husband in fear of physical harm. A magistrate granted an ex parte protection order. The matter came on for hearing before the magistrate on April 4, 2011. Following that hearing, on April 6, 2011, the magistrate granted a five-year protection order. The trial court adopted and approved the magistrate's decision on the same day.

**{¶3}** Son now appeals and raises three assignments of error for our review. As will be discussed further below, Son has failed to raise these issues through objections to the magistrate's decision. He also failed to provide a transcript, or suitable substitute, of the proceedings before the magistrate. Consequently, his arguments may not be raised for the first time on appeal, and this Court is precluded from addressing them.

II

Assignment of Error Number One

"A MEETING BETWEEN OPPOSING COUNSEL AND THE MAGISTRATE TOOK PLACE WITHOUT THE PRESENCE OF JESSE F. SWARTZ, V ON APRIL 4TH, 2011[.]"

Assignment of Error Number Two

"RULING WAS INCORRECT AS NO VIOLENCE OR THREAT OF IMMINENT VIOLENCE OCCURRED DURING THE MARCH 18TH, 2011 VISIT TO APPELLEE'S HOME[.]"

Assignment of Error Number Three

"JESSE F. SWARTZ, V REQUESTED VIA LETTER TO THE MAGISTRATE THAT MEDIATION OCCUR AND WAS DENIED."

**{¶4}** In his three assignments of error, Son challenges certain procedural aspects of the proceedings before the magistrate. He also challenges the trial court's adoption and approval of the magistrate's findings and ruling and contends that the CPO should be reversed because there was no showing that he posed a threat of "imminent serious physical harm" as required by law. Furthermore, in his brief, he states that he "seeks *** to respond to testimony offered on April 4th, 2011 as he proceeded without counsel[.]"

**{¶5}** Initially, we note that with respect to pro se litigants, this Court has held as follows:

"[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the

merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that [he] remains subject to the same rules and procedures to which represented litigants are bound. [He] is not given greater rights than represented parties, and must bear the consequences of [his] mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party." (Internal citations omitted.) *King v. Akron Metro. Hous. Auth.*, 9th Dist. No. 25664, 2011-Ohio-2884, at ¶7, quoting *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, at ¶3.

**{¶6}** In order for a civil protection order to issue, "the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." *Felton v. Felton* (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. "Domestic violence," as defined by R.C. 3113.31(A)(1), includes, in pertinent part, "(a) [a]ttempting to cause or recklessly causing bodily injury;" and "(b) [p]lacing another person by the threat of force in fear of imminent serious physical harm[.]"

**{¶7}** "Rule 53(D)(3)(b)(iv) provides that, except for a claim of plain error, a party forfeits the right to assign error on appeal with respect to the trial court's adoption of any factual finding or legal conclusion 'unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).'" *Ilg. v. Ilg*, 9th Dist. No. 23987, 2008-Ohio-6792, at ¶6, quoting Civ.R. 53(D)(3)(b)(iv). The record demonstrates that Son did not object to any of the magistrate's findings or its conclusion that Son violated R.C. 3113.31. In failing to do so, Son has forfeited his arguments. Moreover, he has not argued plain error on appeal. Because Son has forfeited his challenge to the findings and conclusion at issue and has not argued plain error, this Court will not address his arguments.

**{¶8}** Moreover, even if son had alleged plain error, this Court is deprived of the ability to review the trial court's adoption and affirmance of the magistrate's findings and conclusions because Son failed to include a transcript of the relevant magistrate hearing, or suitable

substitute, with the lower court. Civ.R. 53(D)(3)(b)(iii) provides that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision. *Weitzel v. Way*, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶17.

**{¶9}** Therefore, as this Court has previously stated regarding this issue:

"Due to the fact that [Son] failed to provide the trial court with a transcript of the hearing***, this Court does not know what evidence, if any, [Son] produced to support his allegations and claims. Accordingly, this Court concludes that the trial court did not err in adopting and affirming the magistrate's findings. *Boggs v. Boggs* (1997), 118 Ohio App.3d 293, 301. 'Furthermore, without an adequate record, a court of appeals must presume [the] regularity of the [trial] court's judgment based on the [magistrate's] report and recommendations.' *Ferrone v. Kovack*, 9th Dist. No. 3279-M, 2002-Ohio-3625, at ¶8." *Saipin v. Coy*, 9th Dist. No. 21800, 2004-Ohio-2670, at ¶11.

**{¶10}** Consequently, even if Son had complied with App.R. 9(B) or App.R. 9(C) and filed a transcript of the magistrate's proceedings or a statement of the evidence with this Court, we would, nevertheless, be precluded from reviewing the transcript due to Son's failure to file a transcript with the trial court. *Savage v. Savage*, 11th Dist. No. Nos. 2004-L-024 & 2004-L-040, 2004-Ohio-6341, at ¶33-35.

III

**{¶11}** Accordingly, based on the foregoing, the trial court did not err in adopting and approving the magistrate's decision to grant the CPO. Son's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

JESSE F. SWARTZ, V, pro se, Appellant.

MICHAEL A. CRETELLA, Attorney at Law, for Appellee.