[Cite as *Bayview Loan Serv., L.L.C. v. Likely*, 2017-Ohio-7693.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

BAYVIEW LOAN SERVICING, L.L.C.      C.A. No.     28466

     Appellee

     v.                                   APPEAL FROM JUDGMENT
                                                  ENTERED IN THE

EARL LIKELY, JR., et al.                   COURT OF COMMON PLEAS
                                                  COUNTY OF SUMMIT, OHIO

     Appellants                              CASE No.     CV-2014-05-2247

DECISION AND JOURNAL ENTRY

Dated: September 20, 2017

---

CALLAHAN, Judge.

{¶1} Appellants, Earl and Valerie Likely ("the Likelys"), appeal the judgment of the Summit County Court of Common Pleas in favor of Appellee, Bayview Loan Servicing, L.L.C. ("the Bank"). For the reasons set forth below, this Court affirms.

I.

{¶2} In February 2005, the Likelys executed a promissory note that was secured by a mortgage on the real property located at 452 North Arlington Street, in Akron, Ohio. In less than a year, the Likelys defaulted on the promissory note. In January 2006, the Bank filed a complaint against the Likelys for breach of promissory note, foreclosure, and reformation of the mortgage deed. A final decree of foreclosure was granted on January 11, 2007. Between 2007 and 2014, the real property was scheduled for sheriff's sale nine times. Each of those sales was withdrawn due to either bankruptcy filings by the Likelys or negotiations between the Bank and the Likelys. On March 12, 2014, the Likelys filed a motion to vacate the decree of foreclosure

arguing it was defective based upon *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. The trial court granted the Likelys' motion to vacate and dismissed the case on March 27, 2014.

{¶3} On May 1, 2014, the Bank re-filed its complaint against the Likelys for breach of promissory note, foreclosure, and reformation of the mortgage deed. After an unsuccessful foreclosure mediation, the Likelys moved to dismiss the complaint alleging the Bank did not have standing and the complaint was barred by res judicata and the statute of limitations. The trial court denied the motion to dismiss.

{¶4} On February 4, 2016, a bench trial was held before the magistrate, who subsequently issued a decision in favor of the Bank on all three claims. The Likelys timely filed objections to the magistrate's decision, which the Bank opposed. The Likelys filed the trial transcript beyond the time provided by Civ.R. 53 and without leave of court. Without consideration of the untimely filed trial transcript, the trial court denied the Likelys' objections and adopted the magistrate's decision.

{¶5} The Likelys appealed the denial of their objections. That appeal was dismissed for lack of a final, appealable order due to the lack of a final decree of foreclosure. *Bayview Loan Servicing, L.L.C. v. Likely*, 9th Dist. Summit No. 28362 (Sept. 23, 2016).

{¶6} Following the dismissal of the first appeal, the trial court entered a final decree of foreclosure. Upon the Likelys' motion, the trial court stayed the sheriff's sale pending the current appeal.

{¶7} The Likelys have timely appealed, raising three assignments of error for this Court's review. To facilitate the analysis, this Court will address the assignments of error out of order.

II.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE TRIAL TRANSCRIPT.

{¶8} The Likelys argue that the trial court abused its discretion when it denied their motion for extension of time to file the trial transcript and motion for leave to supplement the objections with the trial transcript. Additionally, the Likelys assert the trial court abused its discretion by not considering the trial transcript when ruling on their objections. This Court disagrees with these assertions.

{¶9} "[A] motion requir[ing] leave of the trial court" and a motion requesting an extension of time are reviewed for an abuse of discretion. *See Matter of Estate of Holbrook*, 5th Dist. Tuscarawas No. 2016 AP 10 0051, 2017-Ohio-4429, ¶ 32; *Cunnane-Gygli v. MacDougal*, 11th Dist. Geauga No. 2004-G-2597, 2005-Ohio-3258, ¶ 20. Additionally, a trial court's decision regarding whether to consider untimely filed transcripts when ruling on objections to a magistrate's decision is reviewed for an abuse of discretion. *See Ramsey v. Ramsey,* 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 23. An abuse of discretion connotes that the "'court's attitude is unreasonable, arbitrary, or unconscionable.'" *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying the abuse of discretion standard, this Court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶10} Civ.R. 53(D)(3)(b)(iii) requires the party's objections to a magistrate's "factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding []." The objecting party has 30 days after filing objections within which to file the

transcript. *Id.* However, the trial court may "extend[] the [30 days] in writing for preparation of the transcript or other good cause." *Id.* If the objections are filed prior to the transcript, the objecting party may move the trial court for leave to supplement the objections. *Id.*

{¶11} Summit County Local Rule 18.05 imposes similar rules regarding the filing of a transcript to support objections to a magistrate's decision and the time within which to file the transcript. Additionally, Loc.R. 18.05 requires "[a] praecipe for transcript shall be served in written form on the chief court reporter within (3) days after the filing of said objections[]. Said praecipe shall be filed with the Clerk."

{¶12} "The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision." *Swartz v. Swartz,* 9th Dist. Medina No. 11CA0057-M, 2011-Ohio-6685, ¶ 8. "Without a transcript of the hearing, [a] trial court [is] required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact." *City of Cuyahoga Falls v. Eslinger,* 9th Dist. Summit No. 21951, 2004-Ohio-4953, ¶ 6. "It follows that [the appellate court] must do the same." *Id.* Without a transcript, an appellant cannot demonstrate error with respect to factual findings, and thus, the appellate court must presume the regularity of the proceedings and that the facts were correctly interpreted. *See Vidalis v. Med. Mut. of Ohio, Inc.*, 9th Dist. Summit No. 23633, 2007-Ohio-4656, ¶ 10; *Akron v. Jackson*, 9th Dist. Summit No. 27077, 2014-Ohio-2036, ¶ 11. Thus, when a party objects but does not provide the trial court with the transcripts necessary to review the objections, there are serious consequences for appellate review.

**Motion for extension of time to file transcript**

{¶13} The magistrate's decision was issued on February 25, 2016. The Likelys timely filed their objections on March 10, 2016, but did not file the trial transcript or the praecipe for the

transcript. The Bank filed a brief in opposition to the objections. Pursuant to Civ.R. 53(D)(3)(b)(iii), the transcript was due on April 11, 2016. The Likelys, however, did not file the transcript or a motion for extension of time by the 30-day deadline. Additionally, Loc.R. 18.05 required the praecipe to be filed by March 14, 2016. The Likelys did not comply with this deadline. In fact, the record does not reflect a praecipe for the trial transcript ever having been filed.

{¶14} Eighteen days after the deadline for filing the transcript had expired, the Bank moved to strike the Likelys' objections for failure to file the trial transcript within 30 days of the objections. Twenty-eight days after the filing deadline for the transcript had expired and after the Bank had moved to strike their objections, the Likelys moved for an extension of an unspecified length of time to file the transcript. The Likelys asserted good cause existed for their motion for extension of time to file the transcript "because this is [a] foreclosure case and the [Likelys] paid for the transcript when they obtained the funds to do so. Since [the Likelys] timely filed objections and made payment for the transcript there are grounds to extend the time to file the transcript []." The trial court denied both the Bank's motion to strike the objections and the Likelys' motion for extension of time to file the transcript.

{¶15} While the Likelys' motion put forth a general basis for the extension, it lacked specific facts to establish that they had been diligently attempting to secure the transcript. The motion did not provide any details as to when the Likelys paid for the transcript or the length of the transcript to justify extra time for filing. Nor did the motion advise the trial court as to how much additional time would be needed for the court reporter to produce the transcript. The Likelys failed to provide the trial court with these types of pertinent facts which would have

allowed it to make an informed decision as to whether they had shown good cause for an extension. The burden was on the Likelys to do so.

{¶16} Further, while the Likelys asserted "this is [a] foreclosure case[,]" this Court is unaware of any law that excepts foreclosure cases from the previously mentioned rules. Further, the Likelys did not set forth any extenuating financial circumstances to explain why they were unable to pay for the transcript. The Likelys are alleged to have defaulted on the note in 2006. Since ten years had lapsed since the alleged default, an explanation of their *current* financial situation would have been necessary to substantiate their claim that they needed time to obtain the funds for the transcript. In light of these missing facts and the Likelys' failure to comply with Civ.R. 53(D)(3)(b)(iii) and Loc.R. 18.05, the trial court did not abuse its discretion in denying the motion for extension of time to file the transcript.

{¶17} The Likelys also argue there was no requirement to file the motion prior to the expiration of the 30-day period, as suggested by the trial court. While that may be true, the timing of the filing of the Likelys' motion—whether it was before or after the deadline—dictates the requirements necessary to support their request and is pertinent to the trial court's decision to grant or deny the motion. *See* Civ.R. 6(B). Thus, the trial court did not abuse its discretion when it considered the timing of the Likelys' motion for extension of time to file the transcript.

{¶18} Further, while Civ.R. 6(B) governs motions for extension of time, including a motion to extend the time to file a transcript, *see Cunnane-Gygli*, 2005-Ohio-3258, at ¶ 20, citing *Vance v. Rusu*, 9th Dist. Summit No. 20442, 2001 WL 866277, *2 (Aug. 1, 2001), it permits a court to enlarge an expired deadline upon receipt of a motion setting forth excusable neglect for the failure to act. Civ.R. 6(B)(2); *Scott v. McCluskey*, 9th Dist. Summit No. 25838, 2012-Ohio-2484, ¶ 7. The Likelys' motion for extension, filed after the 30-day deadline, did not assert

excusable neglect. Thus, the trial court did not abuse its discretion in denying the motion for extension of time.

### Motion for leave to file supplemental objections

{¶19} Despite the trial court's denial of the motion for extension of time to file the transcript, the Likelys filed a motion for leave to supplement the objections with the trial transcript. This motion was filed 57 days after the deadline to file the transcript.

{¶20} The Likelys' second motion was contrary to the purpose of Civ.R. 53(D)(3)(b)(iii), which permits a party to supplement their objections after the transcript is filed. The Likelys were not seeking leave to supplement their original objections with additional objections. Instead, they were only seeking leave to file the late transcript. *See Cunnane-Gygli*, 2005-Ohio-3258, at ¶ 18, 20. Nothing had changed between the first and second motions. The Likelys again failed to provide the court with any pertinent facts from which it could determine good cause and again did not assert excusable neglect. The trial court recognized the improper application of this motion and found the second motion to "essentially ask[] for the same relief as the prior motion." The trial court treated this motion as another motion for extension of time and denied it for the same reasons it denied the first motion. *See id*. at ¶ 20. In light of the trial court's reliance on Civ.R. 53(D)(3)(b)(iii) and Loc.R. 18.05, it did not abuse it discretion when denying the Likelys' second motion.

### Failure to consider the untimely filed transcript

{¶21} Without waiting for the trial court's ruling on their second motion, the Likelys filed the untimely transcript on June 9, 2016, 59 days late. Five days later, the trial court denied the Likelys' second motion for leave to file the transcript. Not only was the transcript untimely, it was also improperly filed without leave of court. Without consideration of the untimely and

improperly filed trial transcript, the trial court denied the Likelys' objections and adopted the magistrate's decision.

**{¶22}** "Ordinarily, a trial court must consider a submitted transcript before ruling on objections to a magistrate's decision." *Ramsey*, 2014-Ohio-1921, at ¶ 23, citing *Perry v. Joseph*, 10th Dist. Franklin Nos. 07AP-359, 07AP-360, 07AP-361, 2008-Ohio-1107, ¶ 20. However, Civ.R. 53 does not prohibit or require a trial court to consider untimely transcripts. *Ramsey* at ¶ 23. Instead, "[t]he trial court has broad discretion in considering objections and transcripts filed outside the time limits set forth in Civ.R. 53 []." *Id.*

**{¶23}** In light of the trial court's two earlier rulings denying the Likelys an extension of time to file the transcript and the supporting analysis above, this Court cannot say the trial court abused its discretion when it declined to consider the untimely and improperly filed transcript when ruling on the objections.

**{¶24}** The Likelys' second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN FINDING THAT [THE BANK'S] FORECLOSURE ACTION WAS NOT BARRED BY THE STATUTE OF LIMITATIONS.

**{¶25}** In their first assignment of error, the Likelys argue the trial court misapplied the savings statute and erred in finding that the foreclosure action was not barred by the statute of limitations. This Court disagrees.

**{¶26}** Neither party has set forth the appropriate standard of appellate review in this case. This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd,* 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9.

"In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai,* 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.

{¶27} When the objecting party fails to file the transcript, the trial court must accept the magistrate's findings of fact and only review the magistrate's conclusions of law based on the accompanying findings of fact. *Saipin v. Coy*, 9th Dist. Summit No. 21800, 2004-Ohio-2670, ¶ 9; *Galewood v. Terry Lumber Supply Co.*, 9th Dist. Summit No. 20770, 2002 WL 347378, *1 (Mar. 6, 2002). This Court applies that same standard of review to the trial court's decision. *Saipin* at ¶ 9; *Galewood* at *1. The trial court's legal conclusions are reviewed de novo. *Saipin* at ¶ 9; *Turner v. Turner*, 9th Dist. Lorain No. 07CA009187, 2008-Ohio-2601, ¶ 22 (Dickinson, J., concurring) ("[I]n reviewing a trial court's determination of whether the magistrate 'appropriately applied the law,' this Court must apply the de novo standard of review.").

{¶28} While the assignment of error challenges the statute of limitations of the "foreclosure action," the Likelys' argument only addresses the statute of limitations for the breach of the promissory note and not the other two causes of action. (All caps deleted.) Accordingly, this Court will limit its review to the statute of limitations as it pertains to the breach of the promissory note. R.C. 1303.16(A) sets forth the statute of limitations to enforce an obligation to pay a note as follows:

> an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.

{¶29} R.C. 2305.19(A), the savings statute, provides a framework for re-filing an action. It states:

> [i]n any action that is *commenced* or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the *plaintiff fails otherwise than upon the merits*, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative *may commence a new action within one year after the*

*date of* the reversal of the judgment or *the plaintiff's failure otherwise than upon the merits* or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

(Emphasis added.) R.C. 2305.19(A). The savings statute applies when a party has commenced the action and the action subsequently fails otherwise than upon the merits. *Id*. Commencement of an action occurs by filing a complaint and obtaining service on the named defendant(s) within one year of filing the complaint. R.C. 2305.17; Civ.R. 3(A); *Richardson v. Piscazzi*, 9th Dist. Summit No. 19193, 1999 WL 247765, *3 (Apr. 28, 1999).

{¶30} The Likelys argue the dismissal of the 2006 case for lack of standing rendered the trial court without subject-matter jurisdiction and thus the 2006 case was never commenced. The Likelys then argue that because the case was not commenced in 2006, the Bank is precluded from using the savings statute to re-file the complaint in 2014. Lastly, the Likelys argue that without the application of the savings statute, the complaint, re-filed in 2014, is beyond the six-year statute of limitations and time barred. Each of these arguments is without merit.

{¶31} The Ohio Supreme Court explained that "[t]he general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject-matter, jurisdiction over the person, and jurisdiction over a particular case." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 18. "Subject-matter jurisdiction refers to the statutory or constitutional authority to adjudicate a case[,]" whereas "[l]ack of standing, on the other hand, challenges a party's capacity to bring an action, not the subject-matter jurisdiction of the tribunal." *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Rev.,* 137 Ohio St.3d 266, 2013-Ohio-4627, ¶ 25, citing *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, and *State ex rel. Jones v. Suster,* 84 Ohio St.3d 70, 77 (1998).

{¶32} While the common pleas courts have subject-matter jurisdiction to hear foreclosure matters, *Kuchta* at ¶ 20, citing *Robinson v. Williams*, 62 Ohio St. 401, 408 (1900), standing is the ability to invoke the court's jurisdiction over the *particular* case. *Kuchta* at ¶ 22. "Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action." *Id.* at ¶ 23, citing *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, at ¶ 40. Such a dismissal is without prejudice. *Schwartzwald* at ¶ 40. However, "a court of common pleas that has subject-matter jurisdiction over an action does not lose that jurisdiction merely because a party to the action lacks standing." *Kuchta* at ¶ 17.

{¶33} The dismissal of a complaint for lack of standing at the commencement of a foreclosure action is not an adjudication on the merits. *Schwartzwald* at ¶ 40; *See Battaglia v. City of Cleveland Heights*, 8th Dist. Cuyahoga No. 42963, 1981 WL 4917, *8 (May 7, 1981) (a dismissal for lack of standing means the claim has failed otherwise than on the merits). A dismissal for lack of standing is without prejudice and thus "has no effect on the underlying duties, rights, or obligations of the parties." *Schwartzwald* at ¶ 40; *See State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 51 (dismissal based on lack of standing is not a dismissal on the merits).

{¶34} To support their contention that the trial court did not have subject-matter jurisdiction, the Likelys assert that "[the Bank's] 2006 foreclosure complaint was vacated as void *ab initio* because [the Bank] never had standing to invoke the subject-matter jurisdiction of the court to begin with." (Emphasis sic.) This statement is unsupported by the findings of fact. First, the magistrate's factual findings stated the complaint was dismissed, not vacated as void ab initio. Second, the trial court's findings of fact stated the dismissal was based on a lack of standing, not a lack of subject-matter jurisdiction. This Court is limited to these findings of fact

and the Likelys cannot challenge the findings of fact or assert a different version of the findings of fact on appeal. *See Vidalis*, 2007-Ohio-4656, at ¶ 10.

{¶35} In an attempt to further support their position that the court did not have subject-matter jurisdiction, the Likelys misconstrue *Schwartzwald* as stating "standing is required to invoke the *subject matter* jurisdiction of the court." (Emphasis added.) *Schwartzwald*, however, made no such holding and instead held "standing is required to invoke the jurisdiction of the common pleas court." *Schwartzwald* at ¶ 3. The Ohio Supreme Court clarified in *Kuchta* that the holding in *Schwartzwald* did not address subject-matter jurisdiction relative to a lack of standing. *Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, at ¶ 21. *Kuchta* pointed out that because standing only implicates the party's ability to invoke the jurisdiction of the court, a lack of standing does not impact the court's subject-matter jurisdiction. *Id*. at ¶ 22.

{¶36} The Likelys continue to argue the application of subject-matter jurisdiction through their reliance on *Clingerman v. Mayfield*, 11th Dist. Ashtabula No. 89-A-1477, 1990 WL 124645 (Aug. 24, 1990), by asserting that the "savings statute does not apply if the original action was filed without jurisdiction." However, the Likelys' reliance on *Clingerman* is misplaced. *Clingerman* involved a question of whether the savings statute applied in a worker's compensation appeal to a trial court when the appellant failed to perfect the administrative appeal pursuant to the Workmen's Compensation Act. *Id*. at *1-2. *Clingerman* focused on the appellant's failure to comply with the statutory requirements to perfect an administrative appeal in order to establish subject-matter jurisdiction. *Id*. at *2; *See also State ex rel. Jones*, 84 Ohio St.3d at 77, fn. 4 ("We have held standing to be jurisdictional only in limited cases involving administrative appeals, where parties must meet strict standing requirements in order to satisfy

the threshold requirement for the administrative tribunal to obtain jurisdiction."). *Clingerman* has no application to the instant case because this is not an administrative appeal.

**{¶37}** The Likelys' argument that the Bank failed to commence the 2006 case focuses solely on the Bank's lack of standing in January 2006. While "'standing is to be determined as of the commencement of [the] suit[,]'" it is not an element for the commencement of a case. *Schwartzwald* at ¶ 24, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 (1992), fn. 5; *see* Civ.R. 3(A); R.C. 2305.17; *Richardson*, 1999 WL 247765, at *3. In light of the Likelys' failure to dispute the filing and/or service of the 2006 complaint, the Bank is presumed to have commenced the 2006 case.

**{¶38}** The 2006 complaint was dismissed for lack of standing, therefore the claims failed otherwise than upon the merits. *See Battaglia*, 1981 WL 4917, at *8. The dismissal of a complaint for lack of standing is without prejudice and not an adjudication on the merits. *Schwartzwald* at ¶ 40. The Likelys concede "there was no determination on the merits in [the Bank's] 2006 foreclosure case," thereby rendering it a dismissal otherwise than upon the merits. Because the 2006 complaint was commenced and subsequently dismissed otherwise than upon the merits, the 2006 complaint was subject to the re-filing provisions of the savings statute. *See* R.C. 2305.19(A).

**{¶39}** The 2006 complaint was dismissed on March 27, 2014. Based on the eight-year lapse between the filing of the complaint and the dismissal for lack of standing, the six-year statute of limitations for the breach of promissory note claim had expired and the savings statue was triggered. The complaint was re-filed on May 1, 2014, well within the one-year savings statute timeframe. Accordingly, the 2014 foreclosure complaint was timely filed under the savings statute.

**{¶40}** In light of the foregoing, the trial court correctly applied the savings statute to the foreclosure complaint. The Likelys' first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN FINDING THAT [THE BANK] WAS ENTITLED TO A FORECLOSURE JUDGMENT [] AND REFORMATION OF THE MORTGAGE.

**{¶41}** In their third assignment of error, the Likelys argue that the trial court erred in granting the foreclosure judgment because the Bank did not have standing to enforce the note. This Court disagrees.

**{¶42}** Objections to the magistrate's decision must "be specific and state with particularity *all* grounds for objection." (Emphasis added.) Civ.R. 53(D)(3)(b)(ii). Additionally, Civ.R. 53 provides that, except for a claim of plain error, a party shall not assign error to a factual finding or legal conclusion on appeal unless the party specifically objects to that finding in accordance with the rule. Civ.R. 53(D)(3)(b)(iv). Failure to object to a magistrate's finding of fact or conclusion of law renders the argument forfeited on appeal. *Coleman v. Coleman*, 9th Dist. Summit No. 27592, 2015-Ohio-2500, ¶ 9. The party is limited to a plain error argument on appeal. Civ.R. 53(D)(3)(b)(iv). If the party fails to assert a plain error argument on appeal, then this Court will not sua sponte engage in a plain error analysis. *See Coleman* at ¶ 9.

**{¶43}** The Likelys confined their objection to the magistrate's conclusion that the Bank had standing to enforce the note and mortgage. The Likelys' objection further challenged the magistrate's factual findings regarding the evidence that supported the conclusion in favor of standing arguing that: 1) there was no evidence that the Bank was formerly known as Interbay Funding, L.L.C., and 2) the Bank's witness did not have personal knowledge regarding whether the allonge was affixed to the note and the Bank had possession of the note when the complaint

was filed. On appeal, the Likelys challenge the trial court's decision that the Bank had standing to enforce the note because the allonge presented at trial belonged to a different note. This argument was not presented in the Likelys' objections challenging the Bank's standing. Accordingly, the Likelys have forfeited this argument. Further, the Likelys have not argued plain error on appeal. Because the Likelys have forfeited their challenge to the factual findings and conclusion at issue and have not argued plain error, this Court will not address this argument.

{¶44} Moreover, even if the Likelys had alleged plain error, this Court is precluded from reviewing this challenge as to the factual findings because the Likelys failed to timely file the transcript with the trial court. *See Swartz*, 2011-Ohio-6685, at ¶ 8.

{¶45} The Likelys' third assignment of error is overruled.

III.

{¶46} The Likelys' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

MARC E. DANN and EMILY WHITE, Attorneys at Law, for Appellants.

JASON A. WHITACRE and LAURA C. INFANTE, Attorneys at Law, for Appellee.