[Cite as *Dayton Human Relations Council v. King*, 2026-Ohio-668.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CITY OF DAYTON HUMAN RELATIONS COUNCIL, ET AL. | : | C.A. No. 30497 |
| | : | |
| Appellees | : | Trial Court Case No. 2023 CV 03749 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| WESLEY C. KING, JR. ET AL. | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellants | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 27, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,

*Christopher B. Epley*

CHRISTOPHER B. EPLEY, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

**OPINION**

DAVID M. DUWEL, Attorney for Appellants
THOMAS M. GREEN and D. ALEXANDER NISWONGER, Attorneys for Appellees

EPLEY, J.

{¶ 1} Wesley King Jr. and Noos Holdings LLC (collectively, "King") appeal from a judgment of the Montgomery County Common Pleas Court. King asserts that the trial court erred when it allowed Sarah Lamb and the City of Dayton Human Relations Council ("HRC") to file the video of the proceedings before the magistrate out of time. For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} In 2022, Lamb was an undergraduate student at the University of Dayton, and she leased an apartment owned by King from August 19, 2022, through May 7, 2023. Although pets were not allowed in the apartment, Lamb notified King that she had a disability and requested an emotional support animal as a reasonable accommodation. The parties discussed the possibility of an amendment to the lease, and King expressed his concerns with allowing a pet to live in Lamb's apartment. Ultimately, Lamb filed a complaint with HRC, alleging violations of Dayton's housing discrimination ordinance. HRC investigated and issued a final investigative report, finding that there was probable cause that King violated R.C.G.O. 32.05(C) and 32.05(I) by refusing to make a reasonable accommodation for Lamb and engaging in retaliatory or coercive conduct after Lamb made her request. On June 15, 2023, King filed a notice electing judicial determination of the matter, and Lamb and HRC filed a complaint in the Montgomery County Common Pleas Court on June 18, 2023. The matter was referred to the magistrate, who held a bench trial. The magistrate issued a

decision recommending that the trial court find that King engaged in housing discrimination against Lamb and awarding damages to Lamb and HRC. Lamb and HRC filed objections to the magistrate's decision. The objections included a challenge to the magistrate's award of damages.

{¶ 3} The trial court sustained Lamb and HRC's objections to the magistrate's legal conclusions but stated that it could not independently review the magistrate's factual findings regarding damages without reviewing the bench trial proceedings. The trial court acknowledged that Lamb and HRC had failed to file a transcript within thirty days as required by Civ.R. 53(D)(3)(b)(iii). However, the trial court reasoned that it would not serve the interest of judicial economy to hold a de novo hearing and repeat the same evidence and testimony that was already submitted to the magistrate. Accordingly, it extended the deadline for filing a record of the proceedings and ordered Lamb and HRC to file a video of the bench trial. They filed the video with the trial court, which ultimately awarded Lamb $2,500 in compensatory damages and $5,000 in punitive damages. The trial court also entered a stipulated agreed entry awarding Lamb and HRC $19,013.04 in attorney fees and expenses.

## II. Appellate Review

{¶ 4} In their sole assignment of error, King asserts that the trial court erred when it allowed Lamb and HRC to file the video of the proceedings before the magistrate more than thirty days after the filing of the King's objections.

{¶ 5} "A trial court's decision regarding whether to consider untimely filed transcript when ruling on objections to a magistrate's decision is reviewed for an abuse of discretion." *Bayview Loan Servicing, L.L.C. v. Likely*, 2017-Ohio-7693, ¶ 9 (9th Dist.). "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's

3

attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 6} When ruling on objections to a magistrate's decision, "[t]he [trial] court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b). Further, "[t]he objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." Civ.R. 53(D)(3)(b)(iii).

{¶ 7} Civ.R. 53(D)(3)(b)(iii) specifically allows the trial court to extend the deadline to file a transcript beyond thirty days for good cause. The record here demonstrates that one of Lamb and HRC's objections to the magistrate's decision pertained to the magistrate's factual finding regarding the amount of damages awarded to Lamb. The trial court correctly stated that it could not make a determination regarding the magistrate's factual findings without reviewing the transcript or record of the proceedings before the magistrate. The trial court noted that it allowed the extension instead of ordering a de novo hearing because it would be a waste of judicial time and resources for the parties to present the same evidence and testimony to the trial court that was already presented to the magistrate. The trial court's extension of the deadline to file the record of proceedings allowed the resolution of all pending factual issues while also serving the interests of judicial economy, time, and resources. Therefore, the trial court did not abuse its discretion by allowing the extension.

{¶ 8} King's assignment of error is overruled.

### III. Conclusion

{¶ 9} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

4

TUCKER, J., and HANSEMAN, J., concur.