[Cite as *Akron v. Jackson*, 2014-Ohio-2036.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| CITY OF AKRON | | C.A. No. 27077 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELVIN L. JACKSON | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 13PKC13633 |

DECISION AND JOURNAL ENTRY

Dated: May 14, 2014

HENSAL, Presiding Judge.

{¶1} Defendant-Appellant, Elvin Jackson, appeals from his conviction in the Akron Municipal Court. This Court affirms.

I.

{¶2} On July 20, 2013, Bruce Zuttle completed a private parking affidavit on behalf of the Haven of Rest, authorizing the Akron Police Department to remove a vehicle from the premises. The Akron Police Department removed the vehicle, impounded it, and issued a traffic citation to Mr. Jackson, the registered owner of the vehicle. The citation charged Mr. Jackson with leaving his vehicle on private property, in violation of Akron Municipal Code ("A.M.C.") 76.19.

**{¶3}** Subsequently, Mr. Jackson filed a motion for the return of his vehicle, and the City of Akron ("the City") filed a response in opposition.[1]  A magistrate held a trial on September 5, 2013, and issued a written decision on September 11, 2013.  In her decision, the magistrate found Mr. Jackson guilty of violating A.M.C. 76.19 and ordered him to pay a fine of $25, plus court costs.  The magistrate also determined that Mr. Jackson's vehicle should only be released to him upon his payment of the towing and storage fees.

**{¶4}** On September 13, 2013, the trial court entered judgment on Mr. Jackson's conviction under A.M.C. 76.19 and fined him $15.  Mr. Jackson obtained a stay of execution and filed an appeal in this Court.  On January 6, 2014, this Court dismissed a portion of Mr. Jackson's appeal.  *See Akron v. Jackson*, 9th Dist. Summit No. 27077 (Jan. 6, 2014).  Specifically, we dismissed Mr. Jackson's attempted appeal from the magistrate's ruling on his motion to return his vehicle, as the trial court had not independently entered judgment on it.  *Id.*

**{¶5}** Mr. Jackson's appeal from his conviction is now before this Court and raises three assignments of error for our review.  For ease of analysis, we consolidate several of the assignments of error.

II.

ASSIGNMENT OF ERROR I

IN AN ABUSE OF DISCRETION, THE TRIAL COURT ERRED AS A MATTER OF LAW; BY CONVERTING A HEARING INTO A TRIAL "WITHOUT NOTICE" DEFENDANT WAS ALSO DENIED A JURY TRIAL, IN VIOLATION OF U.S. CONSTITUTION AMENDMENT VII AND XIV. (Sic.)

---

[1] Although Mr. Jackson's motion for the return of his vehicle appears on the trial court's docket, the record does not contain a copy of the motion.

ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTION FOR NO PARKING ON PRIVATE PROPERTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. IN AN ABUSE OF DISCRETION THE TRIAL COURT MAGISTRATE CRIPPLED DEFENDANTS (sic) DEFENSE; CAUSING A MISCARRIAGE OF JUSTICE, BY PREVENTING THE OFFICER FROM ANSWERING RELEVANT QUESTIONS; IN VIOLATION OF U.S. CONSTITUTION AMENDMENT VI; ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION.

{¶6} In his first assignment of error, Mr. Jackson argues that the lower court erred by conducting a bench trial, rather than the hearing that had been set for that day, in the absence of any prior notice to him. In his second assignment of error, he argues that his conviction is against the manifest weight of the evidence.

{¶7} Initially, we note that Mr. Jackson appeared pro se in the court below and also appears pro se on appeal. With respect to pro se litigants, this Court has repeatedly held that

> pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Citations omitted.) *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3.

{¶8} Because Mr. Jackson's trial took place before a magistrate, he had to comply with the dictates of Criminal Rule 19 in order to preserve his challenges to the magistrate's decision. The rule provides that one who wishes to object to a magistrate's decision must file written objections within fourteen days of the filing of the decision. Crim.R. 19(D)(3)(b)(i). Any objection must be "specific and state with particularity all grounds for objection." Crim.R. 19(D)(3)(b)(ii). "Except for a claim of plain error, a party shall not assign as error on appeal the

court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Crim.R. 19(D)(3)(b)." Crim.R. 19(D)(3)(b)(iv).

{¶9} The magistrate's decision here expressly provided that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion of law as required by Civil Rule 53."[2] Nevertheless, Mr. Jackson failed to file any objections to the magistrate's decision. His arguments on appeal, therefore, are limited to claims of plain error. *Id.*

{¶10} Criminal Rule 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. "[T]he decision of a trial court will not be reversed due to plain error unless the appellant establishes 'that the outcome of the trial clearly would have been different but for the trial court's [alleged error].'" *State v. Simpson*, 9th Dist. Lorain Nos. 12CA010147 & 12CA010148, 2013-Ohio-4276, ¶ 22, quoting *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996).

{¶11} Although Mr. Jackson has alleged plain error on appeal, "this Court is deprived of the ability to review the trial court's adoption and affirmance of the magistrate's findings and conclusions" because Mr. Jackson failed to file a transcript of his trial before the magistrate with the lower court. *Swartz v. Swartz*, 9th Dist. Medina No. 11CA0057-M, 2011-Ohio-6685, ¶ 8. *See also* Civ.R. 19(D)(3)(b)(iii) (objections to magistrate's factual findings must be supported by

---

[2] Although the magistrate's decision cites to Civil Rule 53 rather than Criminal Rule 19, the two rules are identical with respect to the requirements for objecting to a magistrate's decision. Thus, no prejudice resulted from the improper citation.

transcript of the evidence). Manifest weight challenges are factually intensive inquiries. Moreover, with regard to due process inquiries, the Ohio Supreme Court has held that "[t]he inquiry as to what process is due depends on the facts of each case." *Ohio Assn. of Pub. School Emp., AFSCME, AFL-CIO v. Lakewood City Sch. Dist. Bd. of Edn.*, 68 Ohio St.3d 175, 177 (1994). As the party seeking to challenge the magistrate's decision, it was Mr. Jackson's duty to provide the trial court, and later this Court, with a transcript of his trial. *See Swartz* at ¶ 8. In the absence of a transcript, Mr. Jackson cannot show that the result of his trial would have been different, but for the errors in the court below. *See Simpson* at ¶ 22. As such, this Court has no choice but to presume regularity and overrule Mr. Jackson's first and second assignments of error on that basis. *See Swartz* at ¶ 8-10.

ASSIGNMENT OF ERROR III

IN PLAIN ERROR THE TRIAL COURT ABUSED ITS DISCRETION, BY NOT MOVING ON MR. JACKSON'S MOTION TO RETURN PROPERTY, PRIOR TO TRIAL; OR AT COMMENCEMENT OF TRIAL.

{¶12} In his third assignment of error, Mr. Jackson argues that the trial court erred by not ruling on his motion for the return of his vehicle, which was meritorious on several grounds, before trial. As previously noted, the trial court never independently entered judgment on Mr. Jackson's motion. Only the magistrate ruled on it. As such, this Court dismissed the portion of Mr. Jackson's appeal that related to his motion for the return of his vehicle. *See Akron v. Jackson*, 9th Dist. Summit No. 27077 (Jan. 6, 2014). This Court lacks jurisdiction to consider Mr. Jackson's third assignment of error because it stems from the lower court's handling of that motion.

III.

{¶13} Mr. Jackson's first and second assignments of error are overruled. This Court lacks jurisdiction to consider his third assignment of error. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR.

APPEARANCES:

ELVIN L. JACKSON, pro se, Appellant.

CHERI CUNNINGHAM, Director of Law, for Appellee.