[Cite as *State v. Masalko*, 2015-Ohio-5179.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

    v.

DAVID MASALKO

    Appellant

C.A. No.    15AP0011

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2014 CRB 001615

DECISION AND JOURNAL ENTRY

Dated: December 14, 2015

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, David Masalko, appeals the judgment of the Wayne County Municipal Court convicting him of public indecency and sentencing him to 30 days in jail as well as an 18-month term of community control. For the reasons that follow, we reverse and remand.

I.

**{¶2}** Masalko was charged on one count of public indecency in violation of R.C. 2907.09(A)(2), a misdemeanor of the third degree. The matter proceeded to a bench trial before a magistrate. The magistrate found Masalko guilty of the charge and issued a magistrate's decision with his guilty finding and recommended sentence. The decision is a form document that has a series of options with boxes to be checked where applicable. One of these boxes is next to a statement informing the parties that they forfeit appellate review of an issue unless they file timely objections raising that issue pursuant to Crim.R. 19. This checkbox, however, was

not marked in the magistrate's decision. The trial court adopted the magistrate's decision as its judgment seven days after the decision's issuance and Masalko did not file objections. This timely appeal followed.

## II.

### Assignment of Error

**The trial court erred by finding Mr. Masalko guilty of public indecency, as the evidence clearly weighed against [the] conviction.**

{¶3} In his sole assignment of error, Masalko argues that his conviction should be reversed since it is against the manifest weight of the evidence. We do not reach the merits of Masalko's argument since we determine that the trial court erred by failing to inform him of the need to file timely objections as required by Crim.R. 19(D)(3)(a)(iii).

{¶4} Since the bench trial was held before a magistrate, Crim.R. 19's provisions apply to this matter. *Akron v. Jackson*, 9th Dist. Summit No. 27077, 2014-Ohio-2036, ¶ 8. Pursuant to Crim.R. 19(D)(3)(b), a party forfeits appellate review of an issue, except for a claim of plain error, unless he files objections to the magistrate's decision within 14 days of its issuance. *Id*. Nevertheless, Crim.R. 19(D)(3)(a)(iii) provides that the magistrate's decision "*shall indicate conspicuously* that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Crim.R. 19(D)(3)(b)." (Emphasis added.)

{¶5} This Court has not addressed the consequences that result from the failure to provide the notice required by Crim.R. 19(D)(3)(a)(iii) in a magistrate's decision. But, since both Civ.R. 53(D) and Juv.R. 40(D) contain provisions with language that is nearly identical to the language of Crim.R. 19(D)(3)(a)(iii), it is appropriate to rely on this Court's precedents applying those provisions. *See In re T.S.*, 9th Dist. Medina No. 11CA0033-M, 2012-Ohio-858, ¶

8 ("Courts have noted that Civ.R. 53(D) and Juv.R. 40(D) are analogous. Thus, we conclude it is appropriate to rely on our case law examining similar provisions of Civ.R. 53."). This Court has previously determined that the failure to properly inform the parties under those analogous provisions regarding the necessity of filing timely objections to the magistrate's decision is erroneous and results in the reversal of the trial court's subsequent adoption of that decision. *E.g.*, *id.* at ¶ 7-8 (reversing trial court's judgment for failure to inform pursuant to Juv.R. 40(D)(3)(a)(iii)); *Williams v. Ormsby*, 9th Dist. Medina No. 09CA0080-M, 2010-Ohio-3666, ¶ 12-13 (reversing trial court's judgment for failure to inform pursuant to Civ.R. 53(D)(3)(a)(iii)). Moreover, in such cases, this Court has remanded the matter for the preparation of a new magistrate's decision that complies with the relevant notice provisions and for the trial court to give the parties the opportunity to file timely objections. *See T.S.* at ¶ 8; *Williams* at ¶ 13.

{¶6} Here, the caption of the magistrate's decision was "Magistrate's Proposed Decision/Journal Entry Judgment Entry – Sentence." Such a disjointed caption fails to inform the parties of the nature of the entry. Additionally, the magistrate's decision contains a check box for a notice informing the parties of the necessity of filing timely objections to preserve issues for appellate review. But, the magistrate did not check that box, indicating that the notice was inapplicable in this matter. Based on these deficiencies in the magistrate's decision, we determine that it failed to provide the required notice of the necessity of filing objections in order to preserve appellate review. *See T.S.* at ¶ 8 (determining that magistrate's decision failed to provide required notice under Juv.R. 40(D)(3)(a)(iii) since it was mislabeled as an order and it did not have a marked check box next to the notice for the necessity of filing objections). And, in reliance on this Court's previous case law interpreting Civ.R. 53 and Juv.R. 40, we conclude

that the failure to provide the notice required by Crim.R. 19(D)(3)(a)(iii) amounts to reversible error that requires this matter to be remanded to the trial court.

{¶7} Accordingly, we decline to address the merits of Masalko's assignment of error. Rather, we reverse the trial court's judgment and remand this matter so that the magistrate can prepare and file a decision that comports with Crim.R. 19 and provides the parties with the opportunity to file timely objections and any relevant transcript or affidavit.

### III.

{¶8} In light of the foregoing, we reverse the judgment of the Wayne County Municipal Court and remand this matter for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

MOORE, J.
CONCURS.

HENSAL, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

PATRICK L. BROWN, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.