[Cite as *State v. Perkins*, 2018-Ohio-2240.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    17CA0048-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CURTIS PERKINS | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    16 TRD 05140 |

DECISION AND JOURNAL ENTRY

Dated: June 11, 2018

HENSAL, Judge.

{¶1}   Curtis Perkins appeals his conviction for overtaking and passing on the right from the Medina Municipal Court.  We affirm.

I.

{¶2}   At a hearing before a magistrate, Mr. Perkins admitted that he traveled off the right-hand side of the road to pass another vehicle.  He testified that he did so in order to avoid rear ending the vehicle, which he claimed had pulled out in front of him.  After the hearing, the magistrate found Mr. Perkins guilty of violating Medina Codified Ordinance 331.04(b), issued a $50.00 fine, and ordered that Mr. Perkins receive two points on his driver's license.

{¶3}   Mr. Perkins objected to the magistrate's decision, arguing that his conviction was "against the weight of the evidence, [was] contrary to the evidence and testimony presented at the hearings and [was] an erroneous application of the law."  He also reserved the right to supplement his objections after the transcript of the hearing became available.  Mr. Perkins,

however, never supplemented his objections. The trial court overruled Mr. Perkins's objections and adopted the magistrate's decision. Mr. Perkins now appeals, raising four assignments of error for our review, which we have combined for ease of consideration.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERR[ED] WHEN IT FAILED TO APPLY THE SUDDEN EMERGENCY DOCTRINE OR RULE, THUS FINDING MR. PERKIN[S] GUILTY OF THE CHARGE OF UNSAFE PASSING ON THE RIGHT.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERR[ED] BY IMPOSING A STRICT LIABILITY STANDARD TO A STATUTE THAT HAS A RECKLESS CULPABLE STATE.

## ASSIGNMENT OF ERROR III

MR. PERKIN[S'S] CONVICTION WAS BASED UPON INSUFFICIENT EVIDENCE. THE TRIAL COURT ERRED BY DENYING APPELLANT'S CRIM.R. 29 MOTION.

## ASSIGNMENT OF ERROR IV

THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶4} In his assignments of error, Mr. Perkins challenges the sufficiency and manifest weight of the evidence presented in support of his conviction. He also challenges the trial court's failure to apply the sudden-emergency doctrine, as well as its imposition of a strict-liability standard to Medina Codified Ordinance 331.04(b). For the reasons discussed below, we decline to address the merits of Mr. Perkins's assignments of error.

{¶5} Traffic Rule 14 governs magistrates and provides that "[p]roceedings before the magistrate shall be conducted as provided in Criminal Rule 19." Traf.R. 14(C). Criminal Rule 19(D)(3)(b) governs objections to a magistrate's decision. It provides, in part, that "[a]n

objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Crim.R. 19(D)(3)(b)(ii). It further provides that, "[e]xcept for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Crim. R. 19(D)(3)(b)." Crim.R. 19(D)(3)(b)(iv).

{¶6} As this Court has acknowledged, Criminal Rule 19 and Civil Rule 53 are "identical with respect to the requirements for objecting to a magistrate's decision." *City of Akron v. Jackson*, 9th Dist. Summit No. 27077, 2014-Ohio-2036, ¶ 9, fn. 2. Because the requirements are identical, it is appropriate for this Court to rely on our precedent relative to Civil Rule 53(D)(3)(b) in examining Criminal Rule 19(D)(3)(b). *See In re T.S.*, 9th Dist. Medina No. 11CA0033-M, 2012-Ohio-858, ¶ 8; *State v. Masalko*, 9th Dist. Wayne No. 15AP0011, 2015-Ohio-5179, ¶ 5.

{¶7} Regarding Civil Rule 53, this Court has stated that "objections [that] are conclusory statements which contain no factual or legal support" "[do] not comply with the specificity requirements * * *." *Young v. Young*, 9th Dist. Summit No. 22891, 2006-Ohio-2274, ¶ 7. Absent a claim of plain error, failure to comply with these requirements results in a waiver of any alleged error on appeal. *Id.*; Crim.R. 19(D)(3)(b)(iv).

{¶8} Here, as previously noted, Mr. Perkins objected to the magistrate's decision on the basis that it was "against the weight of the evidence, [was] contrary to the evidence and testimony presented at the hearings and [was] an erroneous application of the law." These conclusory statements, which were devoid of any factual or legal support, did not satisfy the specificity requirements of Criminal Rule 19(D)(3)(b)(ii). *Young at ¶ 7.* Furthermore, Mr. Perkins has not asserted a claim for plain error. He, therefore, has waived any alleged error on

appeal. *Id.*; Crim.R. 19(D)(3)(b)(iv). Accordingly, Mr. Perkins's assignments of error are overruled.

### III.

**{¶9}** Mr. Perkins's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DAVID V. GEDROCK, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, and MEGAN A. PHILBIN, Prosecuting Attorneys, for Appellee.