**[Cite as *State v. Thomas*, 2025-Ohio-5846.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31328 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TANISHA THOMAS | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2024 CRB 2566 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1} Defendant-Appellant Tanisha Thomas appeals her conviction in the Stow Municipal Court. We affirm.

I.

{¶2} The State charged Thomas with one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. At a plea hearing before a magistrate, Thomas entered a plea of guilty to a reduced charge of disorderly conduct in violation of Stow Cod.Ord. 509.03, a misdemeanor of the fourth degree. Thomas entered a guilty plea and the magistrate found him guilty. The magistrate set the matter for a sentencing hearing.

{¶3} After the sentencing hearing, the magistrate filed a decision sentencing Thomas to: (1) a fine of $250.00 plus court costs, with $150.00 suspended, and (2) thirty days in jail, with twenty days suspended. The magistrate suspended the jail time and fine on the condition that Thomas obey all laws for two years, complete six months of community control, and have no

contact with the victim. The magistrate also placed Thomas on forty-five days of day reporting. The trial court adopted the magistrate's decision, found Thomas guilty, and entered judgment against her.

{¶4} Thomas appeals her conviction, raising two assignments of error.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED WHEN IT FAILED TO ADEQUATELY INFORM [THOMAS] OF THE EFFECTS OF HER GUILTY PLEA[.]

{¶5} In her first assignment of error, Thomas contends the trial court erred by failing to adequately inform her of the effects of her guilty plea because (1) the "[m]agistrate never said exactly what charge [she] would be pleading guilty to[;]" and (2) "the magistrate never asked [her] how she pleads." For the following reasons, we reject Thomas's arguments.

{¶6} In this case, a magistrate presided over Thomas's plea hearing and sentencing hearing. Following the plea hearing, the magistrate issued a decision finding Thomas had entered a plea of guilty and finding her guilty. Following the sentencing hearing, the magistrate issued a second decision sentencing Thomas as stated above. The trial court subsequently adopted the magistrate's decisions and entered judgment. Thomas did not file a timely objection to either magistrate's decision.

{¶7} Pursuant to Crim.R. 19(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Crim. R. 19(D)(3)(b)." "A party's failure to object in accordance with Crim.R. 19 results in a forfeiture." *State v. Bardwell-Patino*, 2021-Ohio-2048, ¶ 31 (9th Dist.), citing Crim.R. 19(D)(3)(b)(iv); *see also State v. Perkins*, 2018-Ohio-2240, ¶ 4-8 (9th Dist.). Although a defendant "may present her argument through a

claim of plain error, this Court will not undertake a plain-error analysis on her behalf if she fails to do so." *Bardwell-Patino* at ¶ 31.

{¶8} Here, Thomas did not file an objection to either of the magistrate's decisions and has failed to raise a plain error argument on appeal. *See* Crim.R. 19(D)(3)(b). We will not fashion a plain error argument on her behalf[1]. *See Bardwell-Patino* at ¶ 31. Therefore, we conclude Thomas has forfeited any alleged error on appeal. *See id.*; Crim.R. 19(D)(3)(b)(iv).

{¶9} Thomas's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN WHEN IT FAILED TO MAINTAIN AND PRODUCE A COMPLETE APPELLATE RECORD, INCLUDING THE SENTENCING HEARING, DENYING [THOMAS] HER ABILITY TO EFFECTIVELY APPEAL THE TRIAL COURT ORDERS.

{¶10} In her second assignment of error, Thomas contends the trial court erred by failing to record her sentencing hearing because "[i]t is difficult to challenge a process when a significant part of the record is unavailable." We reject Thomas's argument that we must be remand for the following reasons.

{¶11} "'This Court's review is limited to the record provided by the appellant for [her] appeal.'" *State v. Knox*, 2018-Ohio-43, ¶ 10 (9th Dist.), quoting *State v. Gates*, 2011-Ohio-5631, ¶ 5 (9th Dist.). Pursuant to App.R. 9(B)(4), if a recording was not made in the trial court, an appellant may utilize App.R.9(C) or 9(D) to prepare a statement of the evidence. "'In the absence

---

[1] The dissent would reverse on the basis the trial court never provided Thomas with the notice required under Crim.R. 19(D)(3)(a)(iii). We note that Thomas did not raise any argument on appeal related to the notice requirement. This Court previously raised such issues on an appellant's behalf. *See State v. Masalko*, 2015-Ohio-5179, ¶ 4-6 (9th Dist.). However, continuing to raise issues on an appellant's behalf would contradict the reasoning the Supreme Court of Ohio's recent decision in *Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875. In *Snyder*, the Supreme Court reversed this Court's decision as a violation of the party presentation principle where this Court decided the case on an issue not raised by the parties. *Id.* at ¶ 2, 4.

of a complete record or a substitute statement of the evidence as permitted by App.R. 9(C) and (D), an appellate court must presume regularity in the trial court's proceedings and accept the validity of its judgment.'" *State v. Weideman*, 2024-Ohio-5152, ¶ 7 (9th Dist.), quoting *Skycasters, LLC v. Kister*, 2021-Ohio-4154, ¶ 19 (9th Dist.).

{¶12}   A review of the record shows Thomas did not utilize App.R. 9(C) or (D) to prepare a statement of the evidence.  Therefore, we must presume regularity in the trial court's proceedings.

{¶13}   Thomas's second assignment of error is overruled.

### III.

{¶14}   Thomas's first and second assignments of error are overruled.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, J.
DISSENTING.

{¶15} I respectfully dissent in regard to the majority's resolution of the first assignment of error as I would hold that this matter must be reversed and remanded because Thomas was never provided with notice of the need to file objections as required by Crim.R. 19(D)(3)(a)(iii).

{¶16} Thomas argues on appeal that the plea colloquy in this case was fatally flawed for a number of reasons, including that the magistrate never actually asked Thomas how she wished to plead. Following the plea hearing, the magistrate issued a form journal entry designated as an "[o]rder" finding that Thomas had entered a guilty plea and finding her guilty. The magistrate subsequently issued another "[o]rder" after presiding over the sentencing hearing.

{¶17} Because the trial court referred this matter to a magistrate for the purposes of handling the plea and sentencing hearings, the magistrate was required to comply with Crim.R. 19(D)(3)(a)(iii), which provides as follows:

> A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law

under Crim. R. 19(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Crim. R. 19(D)(3)(b).

{¶18} Here, in addition to the fact that neither of the orders in question were designated as a magistrate's decision, the magistrate never provided Thomas with notice of the need to file objections within 14 days in order to preserve an issue for appeal, as required by Crim.R. 19(D)(3)(a)(iii). The failure to inform the parties regarding the necessity of filing timely objections to the magistrate's decision under Crim.R. 19(D)(3)(a)(iii) requires the reversal of the trial court's subsequent adoption of that decision and the remanding of the matter "for the preparation of a new magistrate's decision that complies with the relevant notice provisions and for the trial court to give the parties the opportunity to file timely objections." (Internal citations omitted.) *State v. Masalko*, 2015-Ohio-5179, ¶ 5 (9th Dist.); *see, also Keller v. Keller*, 2012-Ohio-4029, ¶ 7 (9th Dist.). While the appellant in *Masalko* did not raise an argument pertaining to the notice requirements, this Court nevertheless determined that "the failure to provide the notice required by Crim.R. 19(D)(3)(a)(iii) amounts to reversible error that requires this matter to be remanded to the trial court." *Masalko* at ¶ 6. Whether a party objects is immaterial when it is apparent on the face of the record that a due process violation occurred that rises to the level of plain error. *See State v. West*, 2022-Ohio-1556, ¶ 23; Crim.R. 52(B). Accordingly, because the magistrate here failed to comply with the notice provisions set forth in Crim.R. 19(D)(3)(a)(iii), I would reverse and remand this matter to provide Thomas an opportunity to file objections.

APPEARANCES:

CHRISTOPHER ROBERSON, Attorney at Law, for Appellant.

MATTHEW DICKINSON, Deputy Law Director, for Appellee.